IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONALD J. VOREL | * | |
|     Plaintiff | | |
|     v. | * | CIVIL ACTION NO. WDQ-10-449 |
| TRACY JOHNS | * | |
| HARVEY LAPPIN | | |
|     Defendants | * | |
| | *** | |

MEMORANDUM

Ronald J. Vorel ("Vorel") is a U.S. Bureau of Prisons ("BOP") inmate currently confined at the Federal Correctional Institution-Butner ("FCI-Butner") in North Carolina. On February 24, 2010, the Court received for filing his 28 U.S.C. § 2241 Petition for habeas corpus relief[1] seeking treatment for a "very rare disease," Behcet's syndrome.[2] Vorel claims that for several months he has been trying to obtain proper follow-up health care and medication. Paper No. 1. He alleges that the BOP is not equipped to treat the disease.

District courts are required to screen all civil cases brought by inmates. *See McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). In conducting this review courts should examine

---

[1] Vorel seemingly invokes a federal district court's 28 U.S.C. § 2241 habeas jurisdiction as an alternative to filing a 28 U.S.C. § 1331 civil rights action under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He seeks treatment or, in the alternative, early release from BOP confinement to home detention so that he may continue treatment and see specialists at his own expense. Paper No. 1 at 5. According to the BOP inmate locator, as of March 9, 2010, Vorel's mandatory release date is projected to be July 26, 2010.

[2] Behcet's disease or syndrome is a rare disorder that causes chronic inflammation in blood vessels throughout the body. Treatment is structured to reduce the signs and symptoms of Behcet's disease such as mouth sores, skin rashes, lesions, and genital sores, and to prevent serious complications, such as blindness. *See* http://www.mayoclinic.com/health/behcets-disease/DS00822.

venue and jurisdiction, identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief.  The screening is necessary to determine whether Defendants/Respondents should be required to respond to the action.

Pursuant to 28 U.S.C. § 1391(b), a civil action that is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Assuming, *arguendo*, Vorel's allegations state a claim that may be brought in federal court, it is clear that venue in this Court is improper under § 1391(b).[3] Vorel is confined at a BOP facility in North Carolina; the Petition contains no allegations arising in Maryland; none of the Respondents reside in Maryland; and Vorel has other pending cases concerning his medical condition proceeding

---

[3] To the extent that Vorel is seeking straightforward § 2241 habeas relief going to the length and duration of his BOP confinement (early release), the Court would lack personal jurisdiction over his claim as he is not confined in Maryland.  His remedy would be to file a § 2241 action in the district where his custodian is located.  *See United States v. Poole*, 531 F.3d 263, 270-71 (4th Cir. 2008); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 446 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 496 (1973) (§ 2241 petitions typically heard by court having jurisdiction over petitioner's custodian).

in another District.[4]   Accordingly, the Court will direct the Clerk to transfer the matter to the United States District Court for the Eastern District of North Carolina, pursuant to 28 U.S.C. § 1406(a).

Date:  March 11, 2010

                                                       /s/
                                        William D. Quarles, Jr.
                                        United States District Judge

---

[4] The Court notes that the claims arise out of actions (or inactions) of health care providers at FCI-Butner. According to the federal court case docket website or "PACER," Vorel has previous filed three separate federal civil actions regarding prison medical care for Behcet's disease. On May 4, 2009, he filed a 28 U.S.C. § 2241 petition. *See Vorel v. Johns, et al.*, Civil Action No. FL-09-2055 (E. D. N.C.). On May 7, 2009, he filed a 28 U.S.C. § 1331 civil rights action. *See Vorel v. Dr. Mercado*, Civil Action No. BO-09-3090 (E.D. N.C.). On January 11, 2010, Vorel filed a complaint under the Federal Tort Claim Act. *See Vorel v. Johns, et al.,* Civil Action No. FL-10-3005 (E.D. N.C.). As of the signature date all three actions remain pending in the United States District Court for the Eastern District of North Carolina.